**No. 25-5017**

IN THE

# United States Court of Appeals for the Ninth Circuit

—————————————

IN RE:     Payward Inc. and Payward Ventures Inc.
Failure to Effectuate Probate/Inheritance Order

—————————————

Lianlian    Porth,

*Plaintiff–Appellant,*

**v.**

Payward Inc. and Payward Ventures Inc.,

*Defendants–Appellees.*

—————————————

On Appeal from the United States District Court
for the Northern District of California
No. 3:25-cv-01885-VC
Hon. Vince Chhabria

—————————————

## APPELLANT's OPENING BRIEF

—————————————

Lianlian Porth
Lhkc_25@outlook.com
408-381-9986
P.O BOX 267,San Lorenzo, CA 94580

November 16, 2025                    Pro Se -*Plaintiff-Appellant*

# <u>DISCLOSURE STATEMENT</u>

Appellant Lianlian Porth is a natural person and not a corporation or other artificial entity. She has no parent corporation and no publicly held corporation owns 10% or more of her interests.

Pursuant to Federal Rule of Appellate Procedure 26.1, no corporate disclosure statement is required.

**Date:** November 16, 2025                  /s/ Lianlian Porth

Pro se :Lianlian Porth

i

## <u>STATEMENT REGARDING EXCERPTS OF RECORD</u>

Pursuant to Ninth Circuit Rule 30-1, *pro se* appellants are not required to prepare Excerpts of Record (ER). Appellant Lianlian Porth appears *pro se* in this appeal and therefore has not separately submitted an ER.

Other than the **Request for Judicial Notice** previously filed with this Court (DE 8.1), Appellant has not filed any additional excerpts. All documents and materials cited herein are contained in the district court record of *Porth v. Payward Ventures Inc., et al.*, No. 3:25-cv-01885-VC (N.D. Cal.).

Accordingly, Appellant respectfully requests that the Court take judicial notice of, and refer to, the district court's CM/ECF docket as necessary for its review of this appeal.

**Date:** November 16, 2025                  /s/ Lianlian Porth

                                          Pro se :Lianlian Porth

ii

# **TABLE OF CONTENTS**

Page

DISCLOSURE STATEMENT...................................……...................i

STATEMENT REGARDING EXCERPTS OF RECORD………........ii

TABLE OF AUTHORITIES..................................……....................v

INTRODUCTION.........................................……........……….....…....1

JURISDICTIONAL STATEMENT...............……..........…………......…2

STATEMENT OF THE ISSUES PRESENTED FOR
REVIEW…………...............................................……....................……........3

   1. Erroneous Determination of Defendants' Citizenship
(citizenship factual/legal error)...........……....................……….............3

   2. Procedural Error and Improper Dismissal With Prejudice
(procedural due process error)...........……....................……….....…......3

   3. Final Judgment Entered on a Motion Filed Under an Invalid
Legal Entity Name (motion filed by non-entity → void)…..……..........3

STATEMENT OF THE CASE…................................................4

SUMMARY OF ARGUMENT…........................................…. 6

ARGUMENT…....................................………….........……...7

   I. The District Court's Citizenship Determination Is a Legal Error
Subject to De Novo Review...........................................……....………7

   II. Dismissing the Case With Prejudice Without Developing Any
Factual Record Constitutes Procedural Abuse of
Discretion.................................………………..........................10

iii

III.A Dismissal Based on a Motion Filed Under an Invalid Legal Entity Name Constitutes Reversible Error per se.................................
....................................................................…....................................................11

CONCLUSION.........................................................…...…….......…......14

Certificate of Compliance

PROOF OF SERVICE

iv

# TABLE OF AUTHORITIES

 Page(s)

**Cases:**

*Arizona v. Fulminante*, 499 U.S. 279 (1991) ..................................... 13

*Bretz v. Kelman*, 773 F.2d 1026 (9th Cir. 1985) (en banc) ................11

*Eminence Capital, LLC v. Aspeon, Inc.,*

316 F.3d 1048 (9th Cir. 2003) ......................................................... 10

*Foman v. Davis,* 371 U.S. 178 (1962) .............................................. 10

*Grupo Dataflux v. Atlas Global Group, L.P.,*

541 U.S. 567 (2004) ........................................................................ 7

*Hertz Corp. v. Friend*, 559 U.S. 77 (2010) ......................................... 9

*Hill v. Blind Indus. & Servs. of Md.,*

179 F.3d 754 (9th Cir. 1999) .......................................................... 12

*Lee v. City of Los Angeles,* 250 F.3d 668 (9th Cir. 2001) .................. 8

*Lopez v. Smith,* 203 F.3d 1122 (9th Cir. 2000) (en banc) ................. 10

*Nike, Inc. v. Comercial Iberica,* 20 F.3d 987 (9th Cir. 1994) ............. 9

*Tosco Corp. v. Communities for a Better Env't,*

236 F.3d 495 (9th Cir. 2001) ........................................................... 9

*United States v. Gonzalez-Lopez,* 548 U.S. 140 (2006) .................... 13

v

*United States v. High Country Broadcasting Co.*,

  3 F.3d 1244 (9th Cir. 1993) ............................................................ 12

*United States v. Quach,* 302 F.3d 1096 (9th Cir. 2002) ................ ...15

*Wachovia Bank v. Schmidt,* 546 U.S. 303 (2006) ............................... 9

**STATUTES:**

28 U.S.C. § 1291 ............................................................  2,3

28U.S.C.§1332...............................................................2,8,10,14

28 U.S.C. § 1332(a)(1) .........................................................1,6,9,10

28 U.S.C. § 1332(c)(1) ........................................................ 1, 6, 10

28 U.S.C. § 2107 ..............................................................2

**FEDERAL:**

Fed. R. App. P. 4(a)(1)............................................................... 2

Fed. R. Civ. P.7(b)(1)..........................................................7,11,12,13

Fed. R. Civ. P. 12(b) .......................................................4,13

Fed. R. Civ. P. 12(b)(1)........................................................5,12

Fed. R. Civ. P. 12(b)(6) ........................................................5,12

Fed. R. Civ. P. 15(a)(2) ......................................................... ....1, 7,10

Fed. R. Civ. P. 26 ..................................................... ...........1

Fed. R. Evid. 201(b) ............................................................ 8

**Other Authorities:**

California Corporations Code § 167 ................................................. 8

# **INTRODUCTION**

The logic of this appeal is clear and direct: from the moment it was filed on February 21, 2025, this case satisfied the requirements for complete diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Appellant Lianlian Porth is a citizen of California, while Appellees Payward Inc. and Payward Ventures Inc. are corporations incorporated in Delaware with their principal places of business in Wyoming. Thus, under 28 U.S.C. § 1332(c)(1), the Appellees are citizens of Delaware and Wyoming.

The district court, without conducting the disclosures required under Rule 26 of the Federal Rules of Civil Procedure, without convening a case-management conference, without holding a hearing, and without granting leave to amend as required by Rule 15(a)(2) of the Federal Rules of Civil Procedure, entered a final judgment dismissing the case for lack of jurisdiction and with prejudice (Dkt. No. 39).

**That judgment contains three reversible errors:**

1 . The court's determination of corporate citizenship directly contradicts publicly available records properly subject to judicial notice (DE No. 8.1) and must be reviewed de novo;

2.  The dismissal with prejudice, entered before the record was developed and amendment permitted, constitutes an abuse of discretion;

3.  The judgment rests on a motion to dismiss filed under an invalid legal

entity name, rendering the ruling procedurally defective and reversible per se.

Accordingly, Appellant respectfully requests that this Court vacate the district court's order and remand the case for further proceedings within a complete procedural framework under the Federal Rules of Civil Procedure and 28 U.S.C. § 1332.

## JURISDICTIONAL STATEMENT

This appeal arises from the judgment of the United States District Court for the Northern District of California in *Porth v. Payward Ventures Inc., et al.*, No. 3:25-cv-01885-VC.

On July 17, 2025, the district court dismissed Appellant's complaint for lack of subject-matter jurisdiction and entered a judgment with prejudice (Dkt. No. 39). That judgment terminated all proceedings in the district court and constitutes a "final decision" within the meaning of 28 U.S.C. § 1291.

On August 7, 2025, Appellant timely filed a notice of appeal pursuant to 28 U.S.C. § 2107 and Federal Rule of Appellate Procedure 4(a)(1) (Dkt. No. 40). Accordingly, this appeal is properly taken as of right from a final judgment.

**Conclusion:**

As the district court's July 17, 2025 order (Dkt. No. 39) constitutes a final judgment, and Appellant timely filed the notice of appeal (Dkt. No. 40) within the statutory period, the United States Court of Appeals for the Ninth Circuit properly exercises appellate jurisdiction over this

matter pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

**1. Erroneous Determination of Defendants' Citizenship   (citizenship factual/legal error)**

Whether the district court, without developing any factual record, erred in concluding that both parties were citizens of California and in denying diversity jurisdiction. In light of Appellant's request for judicial notice (DE No. 8.1), which demonstrates that Appellees are citizens of Delaware and Wyoming while Appellant is a citizen of California, whether the district court's ruling constitutes reversible error as to both fact and law.

**2. Procedural Error and Improper Dismissal With Prejudice  (procedural due process error)**

Whether the district court's dismissal with prejudice—entered without holding a hearing, without granting leave to amend, and without conducting any fact-finding process—violated fundamental principles of procedural due process, thereby constituting reversible procedural error.

**3. Final Judgment Entered on a Motion Filed Under an Invalid Legal Entity Name   (motion filed by non-entity → void)**

Whether the district court could properly enter final judgment on a motion filed under the non-existent entity name "Kraken," which failed to distinguish

the separate legal status of the two corporate defendants or to specify the applicable Federal Rule of Civil Procedure 12(b) defenses for each, and whether such judgment must therefore be vacated and remanded for lack of a valid procedural foundation.

## STATEMENT OF THE CASE

This appeal arises from the district court's order of dismissal in *Porth v. Payward Ventures Inc., et al.*, No. 3:25-cv-01885-VC (N.D. Cal.), entered on July 17, 2025 (Dkt. No. 39).

On December 23, 2022, the Probate Court of Alameda County, Berkeley Division, entered an order awarding to Appellant Lianlian Porth all property held in the name of her late husband, Steven Porth, on the platforms of Appellees Payward Inc. and Payward Ventures Inc. (Dkt. No. 1, p. 22). Appellees, however, failed to comply with the probate court's directive to provide a full accounting and to transfer those assets (Dkt. No. 1, pp. 22–25).

Appellant thereafter moved the probate court to hold Appellees in contempt. In response, Appellees falsely represented that the transfer had been completed in full. **The probate court advised Appellant that any remaining disputes regarding the assets should be brought before the appropriate court.** (This portion of the background was not filed in the district court and is provided solely for context.)

Accordingly, on February 21, 2025, Appellant filed a federal action （

Dkt. No. 1, pp.1-16）against Payward Ventures Inc. and Payward Inc., alleging that Appellees' conduct obstructed her lawful inheritance and caused financial losses , and asserting that Appellees' interference with her exercise of inheritance rights constituted tortious misconduct giving rise to multiple legal liabilities (Dkt. No. 1, pp.1-2; 16）.

On May 6, 2025, Appellees—through a single legal team and purporting to appear under the name "Kraken"—filed a Motion to Dismiss (Dkt. No. 15) on behalf of both Payward Ventures Inc. and Payward Inc., seeking dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). "Kraken," however, is not a corporate entity with independent legal capacity and thus lacked standing to submit filings in federal court. The motion also failed to distinguish between the two Appellees' separate corporate identities or to identify the distinct defenses and procedural grounds applicable to each.

Without holding a hearing and without granting leave to amend, the district court, relying on Appellees' defective motion (Dkt. No. 15), issued an order on July 17, 2025 (Dkt. No. 39) dismissing the complaint on the grounds that both parties were citizens of California and that no federal question was presented, and terminated the action with prejudice. The order cited no evidence to support its factual findings.

On August 7, 2025, Appellant filed a notice of appeal with this Court (Dkt. No. 40). On October 20, 2025, Appellant filed a Request for Judicial

Notice (DE No. 8.1) pursuant to Federal Rule of Evidence 201, submitting public records from the California Secretary of State confirming that both Payward Inc. and Payward Ventures Inc. are Delaware corporations with their principal places of business in Wyoming. Both entities are registered in California solely as foreign stock corporations.

As provided in 28 U.S.C. § 1332(c)(1), Appellant is a citizen of California, and Appellees are citizens of Delaware and Wyoming. The amount in controversy exceeds $75,000 (Dkt. No. 1, p. 9). This case therefore satisfies the requirements of complete diversity jurisdiction under 28 U.S.C. § 1332(a)(1)—a conclusion directly contrary to the district court's finding that all parties were citizens of California.

## <u>SUMMARY OF ARGUMENT</u>

First: the district court's incorrect determination of diversity jurisdiction, which this Court reviews de novo. The district court concluded that all parties were citizens of California. However, as confirmed by public records properly subject to judicial notice (DE No. 8.1), and under 28 U.S.C. § 1332(c)(1), a corporation's citizenship is defined by both its state of incorporation and its principal place of business. Applying that statutory standard, Appellees Payward Inc. and Payward Ventures Inc. are citizens of Delaware and Wyoming, while Appellant is a citizen of California. The amount in controversy far exceeds the threshold set by 28 U.S.C.§ 1332(a)(1).Accordingly, complete

diversity existed at the time of filing, and the district court's contrary conclusion was erroneous as a matter of law.

Second: the district court abused its discretion by dismissing the action with prejudice without holding a hearing, without developing a factual record, and without granting leave to amend as required by Federal Rule of Civil Procedure 15(a)(2).

Third: the dismissal is further invalid because the underlying Motion to Dismiss (Dkt. No. 15) violated Federal Rule of Civil Procedure 7(b)(1), which requires that motions be filed by a party with independent legal capacity. The motion was submitted under the trade name "Kraken," a non-entity that cannot appear in federal court, and it failed to distinguish between the two Appellee corporations or their respective defenses under Federal Rule of Civil Procedure 12(b). For this additional reason, the motion cannot serve as a lawful basis for a dispositive judgment, and the dismissal must be vacated.

## ARGUMENT

### I. The District Court's Citizenship Determination Is a Legal Error Subject to De Novo Review

The jurisdictional question presented in this case is a pure question of law, reviewed de novo. *See* Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004) (diversity jurisdiction is determined by the citizenship of the parties as of the date the complaint is filed).

The district court concluded that all parties were citizens of California and therefore dismissed the case for lack of diversity jurisdiction under 28 U.S.C. § 1332. However, that determination directly contradicts public records properly subject to judicial notice.

On October 20, 2025, Appellant filed a Request for Judicial Notice (DE No. 8.1), attaching official business-entity filings from the California Secretary of State(DE No. 8.1，Exhibits 1 and 2), showing the following corporate facts . These records come from a government-maintained public database and are appropriate for judicial notice under Fed. R. Evid. 201(b) and *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001):

a .   Payward Inc.: incorporated in Delaware; principal place of business in Wyoming (Filing Date: Sept. 3, 2013; Due Date: Sept. 30, 2026); registered in California as a Stock Corporation – Out of State – Stock.

b .   Payward Ventures Inc.: incorporated in Delaware; principal place of business in Wyoming (Filing Date: Aug. 2, 2013;  Due Date: Aug. 31, 2026); registered in California as a Stock Corporation – Out of State – Stock.

Under the California Corporations Code § 167, a "Stock Corporation – Out of State – Stock" is defined as a foreign corporation registering to conduct commercial activities in California.

Accordingly, under 28 U.S.C. § 1332(c)(1), a corporation's citizenship

**8 / 15**

is determined by its state of incorporation and its principal place of business, not by the state in which it merely registers or conducts business. The Supreme Court has repeatedly affirmed that neither business activity nor registration in a state confers corporate citizenship. *See* Wachovia Bank v. Schmidt, 546 U.S. 303, 317 (2006) ("*Mere business activity in a State does not render a corporation a citizen of that State.*"); Hertz Corp. v. Friend, 559 U.S. 77，92–93 (2010) (applying the "nerve-center" test to determine a corporation's single principal place of business).

The Ninth Circuit adheres to the same rule. *See* Nike, Inc. v. Comercial Iberica, 20 F.3d 987 (9th Cir. 1994); Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495 (9th Cir. 2001).

Thus, from 2013 through 2026, Payward Inc. and Payward Ventures Inc. have been citizens of Delaware (state of incorporation) and Wyoming (principal place of business), not California.

**Conclusion：**

Appellant is a citizen of California, while Appellees are citizens of Delaware (their state of incorporation) and Wyoming (their principal place of business). The amount in controversy exceeds $284,150 (Dkt. No. 1, p. 9), far surpassing the $75,000 jurisdictional threshold required by 28 U.S.C. § 1332(a)(1). Accordingly, from the date this action was filed on February 21, 2025, this case has satisfied the requirements for complete diversity jurisdiction

under 28 U.S.C. § 1332(a)(1) and § 1332(c)(1).

The district court's denial of jurisdiction, based on an erroneous determination that all parties were California citizens, constitutes a legal error subject to de novo review. The Court should therefore vacate the district court's order and remand the case for further proceedings consistent with the diversity-jurisdiction framework set forth in 28 U.S.C. § 1332.

## II. Dismissing the Case With Prejudice Without Developing Any Factual Record Constitutes Procedural Abuse of Discretion

Under Federal Rule of Civil Procedure 15(a)(2), courts must freely grant leave to amend "when justice so requires." Unless futility is *clearly* established, a district court may not terminate a case with prejudice at the pleading stage. See *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (noting the "strong policy" in favor of allowing amendment); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend itself may constitute reversible error).

The Ninth Circuit's doctrine is equally clear: leave to amend must not be denied unless futility is "clear." See *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

Here, the district court:

> did not require the parties to exchange Rule 26(a)(1) initial disclosures;
>
> did not hold a case management conference;

did not hear or resolve Appellant's Rule 37 motion to compel;

did not request or permit any factual development to resolve the

jurisdictional dispute;

held no hearing of any kind; and

denied leave to amend;

yet nevertheless dismissed the entire action *with prejudice*. (Dkt. No. 39.)

**Conclusion**

Where the determination of jurisdiction requires further factual

clarification, a district court abuses its discretion by terminating the action with

prejudice without developing the necessary factual record, without requiring

disclosures, and without holding any hearing. *See  Bretz v. Kelman,* 773 F.2d

1026, 1027 n.1 (9th Cir. 1985) (en banc).

Accordingly, the district court's dismissal with prejudice constitutes a

procedural legal error subject to correction by this Court. The judgment should

be vacated and the case remanded for further proceedings within a complete

procedural framework.

**III.A Dismissal Based on a Motion Filed Under an Invalid Legal Entity
Name Constitutes Reversible Error per se**

Under Federal Rule of Civil Procedure 7(b)(1), a motion must be filed by a

party with independent legal personality; natural persons, corporate entities, and

legally recognized organizations may appear in federal court, but commercial

brand names, trade names, or platform labels are not legal persons and cannot file or oppose motions in federal litigation. See *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (an entity lacking legal personality "may not appear" and any filing submitted in its name is a nullity).

Courts have likewise emphasized that when procedural defects prevent the parties from identifying who is moving, responding, or asserting specific defenses, the motion is procedurally invalid, and any ruling based upon it is necessarily reversible. See *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 759 (9th Cir. 1999) (a court may not enter a dispositive ruling based on a procedurally incomplete or noncompliant motion).

In this case, Appellees did not file the Motion to Dismiss (Dkt. No. 15) in the names of Payward Inc. and Payward Ventures Inc. as separate corporate defendants. Instead, counsel filed all Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) arguments under the commercial brand name "Kraken" as the sole moving party. Yet:

1. "Kraken" is not a legal entity;

2. "Kraken" is not a party to this action;

3. "Kraken" does not appear in the case caption;

4. and the filing fails to satisfy Rule 7(b)(1)'s requirement that the moving party be clearly identified.

Accordingly, the motion is procedurally void ab initio and cannot serve as a

valid basis for judicial decision-making.

Further, Federal Rule of Civil Procedure 12(b) requires each defendant to assert its defenses in its own legal capacity. Appellees failed to identify:

> which defendant allegedly is a citizen of California;
>
> which defendant allegedly responded to the subpoena;
>
> or which defendant is responsible for account custody or AML/KYC compliance.

The legal identities, roles, and obligations of the two corporate defendants were collapsed into the single brand label "Kraken," in clear violation of Rule 12(b)'s procedural structure. This prevented the court from identifying the proper defending party, from applying Rule 12(b) standards, and from conducting any meaningful due-process review.

As  the Supreme Court has made clear, when a dispositive ruling rests on a procedurally invalid motion, the resulting judgment constitutes reversible error per se and must be vacated. See ， *United States v. Gonzalez-Lopez,* 548 U.S. 140 (2006)；*Arizona v. Fulminante*, 499 U.S. 279 (1991).

**Conclusion：**

The district court's dismissal (Dkt. No. 39) rests entirely on a procedurally invalid Federal Rule of Civil Procedure 12(b) motion. That motion violated the fundamental requirements of Federal Rule of Civil Procedure 7(b)(1), was filed under the name of a non-existent legal entity, and failed to

distinguish between the two corporate defendants and their respective defenses. Because the judgment is predicated on a void motion, it is procedurally unsustainable and constitutes reversible error per se. The dismissal should be vacated and the case remanded for further proceedings.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court:

**1** . *Vacate* the district court's July 17, 2025 final dismissal with prejudice (Dkt. No. 39). The judgment rests on a motion that is procedurally invalid under Federal Rule of Civil Procedure 7(b)(1) and therefore lacks a lawful procedural foundation.

**2.** *Remand* the case for further proceedings under the framework of complete diversity jurisdiction as provided in 28 U.S.C. § 1332. Upon remand, the action should proceed through the normal and orderly course of federal procedure—including the development of a factual record, the conduct of disclosures, and appropriate procedural adjudication—rather than being prematurely terminated without the necessary intermediate steps.

**3.** *Direct reassignment* of the case to a different district judge on remand to ensure procedural neutrality and the appearance of fairness. Given that the prior dismissal was issued without developing a factual record, without conducting the requisite procedural analysis, and based upon a void

motion, reassignment is warranted to preserve confidence in the integrity

of subsequent proceedings. See *United States v. Quach*, 302 F.3d 1096,

1103 (9th Cir. 2002).


Respectfully submitted,

**Dated:** November 16, 2025                              /s/ Lianlian Porth_____

                                                                    Appellant, Pro Se Lianlian Porth

# **<u>Certificate of Compliance</u>**

Appellant Lianlian Porth certifies that this brief was prepared using a word-processing program. According to the program's word-count function, the brief contains 3,122 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with FRAP 32(a)(5)–(6). It is typed in 14-point Times New Roman, double-spaced, with page margins of 1.05 inches (top and bottom) and 1.00 inch (left and right).

**Dated:** November 16, 2025                                   /s/ Lianlian Porth_____
                                                                            Appellant, Pro Se LianlianPorth

# **PROOF OF SERVICE**

I, Lianlian Porth, declare as follows:

On November 16, 2025, I electronically filed the foregoing Appellant's Opening Brief with the United States Court of Appeals for the Ninth Circuit using the Court's ACMS system. I certify that service on the Appellees will be accomplished automatically through the appellate CM/ECF system.

**Dated:** November 16, 2025                    /s/ Lianlian Porth

                                                                      Appellant, Pro Se LianlianPorth