# No. 25-5017

IN THE

# United States Court of Appeals for the Ninth Circuit

Lianlian Porth,

*Plaintiff–Appellant,*

**v.**

Payward Inc. and Payward Ventures Inc.,

*Defendants–Appellees.*

On Appeal from the United States District Court for the Northern District of California
No. 3:25-cv-01885-VC
Hon. Vince Chhabria

### APPELLANT'S MOTION TO STRIKE APPELLEES'

### ANSWERING BRIEF (DE 20)

Lianlian Porth
Lhkc_25@outlook.com
408-381-9986
P.O BOX 267, San Lorenzo, CA 94580

February 6, 2026                                      Pro Se *-Plaintiff-Appellant*

# **TABLE OF CONTENTS**

Page

**TABLE OF AUTHORITIES**..........................................................iii

I. **INTRODUCTION** ......................................................................1

   1. FACTUAL BACKGROUND AND APPELLEES' FAILURE TO COMPLY WITH THE PROBATE DISTRIBUTION ORDER.................................................................................................1

   2. PROCEDURAL HISTORY AND TERMINATION OF THE PROCEEDINGS ...........................................................................2

   3. THE DISTRICT COURT CHARACTERIZED THE ACTION AS BOTH A CONVERSION CLAIM AND A PROBATE-EXCEPTION MATTER ......................................................................3

   4. APPELLEE ENTITY CONFLATION IN THE ANSWERING BRIEF AND REQUEST FOR STRIKING .......................................................4

II. **LEGAL BASIS** ........................................................................4

III. **ARGUMENT** .........................................................................6

   **A**. CONFLATION OF LEGAL ENTITIES IN APPELLEES' ANSWERING BRIEF (DE 20) ..........................................................6

   **B**. ENTITY CONFLATION PRECLUDES EFFECTIVE ADJUDICATIVE REVIEW ..........................................................................7

**C.** STRIKING THE ANSWERING BRIEF AS A PROPORTIONATE AND REASONABLE PROCEDURAL REMEDY ................................................................................................9

**IV. CONCLUSION: REQUESTED RELIEF** ..............................

................................................................................................10

# TABLE OF AUTHORITIES

**Cases :**                                                                                                                         **Page**

Greenwood v. FAA,

    28 F.3d 971 (9th Cir. 1994) ..........................................................8.10

Independent Towers of Washington v. Washington,

    350 F.3d 925 (9th Cir. 2003) ...........................................................10

Sekiya v. Gates,

    508 F.3d 1198 (9th Cir. 2007) .............................................................8

**Rules:**

Federal Rule of Civil Procedure 15(a)(2)...............................................................2

Federal Rule of Appellate Procedure 27...............................................................4

Federal Rule of Appellate Procedure 28(b) .......................................................5.8

Federal Rule of Appellate Procedure 32 .............................................. .............5,8

# I. <u>INTRODUCTION</u>

**1. FACTUAL BACKGROUND AND APPELLEES' FAILURE TO COMPLY WITH THE PROBATE DISTRIBUTION ORDER**

This case arises from Appellees Payward, Inc. and Payward Ventures, Inc.'s failure to comply with a final and effective probate distribution order issued by the California Probate Court on December 21, 2022 (Dkt. No. 7-20, pp. 3–5).

Although the order carried full legal force and was lawfully complied with by other relevant third parties, Appellees remain the only entities that failed to effectuate actual performance. As a result, for more than three years after the order became effective, Appellant has been unable to obtain the property and property-related information to which she has been adjudicated entitled, and has continued to suffer severe direct and indirect economic losses, as well as substantial emotional distress.

Of particular significance, Appellees exercised actual possession and control over the property and property-related information at issue during this period, while representing in related and external documents that such information had already been delivered to Appellant. At both the legal and factual levels, however, Appellees have consistently failed to produce any objectively verifiable evidence demonstrating compliance with the probate court's order.

## 2. PROCEDURAL HISTORY AND TERMINATION OF THE PROCEEDINGS

Based on the foregoing facts, Appellant commenced this federal civil action on February 21, 2025, alleging that Appellees' prolonged failure to comply with the existing probate distribution order prevented Appellant from obtaining the property and property-related information to which she was lawfully entitled, thereby causing continuing financial loss and related harm. Appellant accordingly alleged that Appellees are legally liable under applicable federal tort law.

As this was Appellant's first federal civil action brought in her individual capacity, the complaint set forth a comprehensive factual background, including the probate court's adjudication of the estate proceedings, Appellees' failure to comply with court-directed subpoena procedures, the completion of the probate distribution confirming Appellant's entitlement to one hundred percent of the estate, and Appellees' subsequent failure to carry out the court-ordered distribution (Dkt. No. 1).

Nevertheless, the district court terminated the action with prejudice (Dkt. No. 39) without affording Appellant the opportunity to amend the complaint to which she was entitled under Federal Rule of Civil Procedure 15(a)(2). In addition, prior to termination, the case neither entered the disclosure phase contemplated by Federal Rule of Civil Procedure 26, nor proceeded to a case management conference, nor involved any hearing.

## 3. THE DISTRICT COURT CHARACTERIZED THE ACTION AS BOTH A CONVERSION CLAIM AND A PROBATE-EXCEPTION MATTER

In its dismissal order (Dkt. No. 39), the district court expressly characterized Appellant's relevant claim as a claim for conversion against Appellees, stating:

> *"This claim is titled 'property torts' in the complaint and is best construed as a claim for conversion."*

After making that characterization, however, the district court further described Appellant's request as an attempt to "obtain her husband's remaining assets in Payward's accounts" and, on that basis, invoked the probate exception to deny federal jurisdiction. The order further stated:

> *"Further, to the extent Porth seeks to obtain her husband's remaining assets in Payward's accounts, this Court also lacks jurisdiction under the probate exception, which "reserves probate matters to state probate courts and precludes federal courts from disposing of property in the custody of a state court."*

Thus, on the one hand, the district court identified this action as an independent in personam conversion claim against Appellees; on the other hand, it reconstructed Appellant's request as an attempt to obtain probate assets and denied jurisdiction on an in rem basis. The two characterizations are legally misaligned and cannot be reconciled.

## 4. APPELLEE ENTITY CONFLATION IN THE ANSWERING BRIEF AND REQUEST FOR STRIKING

Appellant timely filed a notice of appeal on August 7, 2025, and submitted her opening brief on November 16, 2025 (DE 13). Appellees filed their answering brief on January 16, 2026 (DE 20).

In that brief, Appellees merged Payward, Inc. and Payward Ventures, Inc.—two lawfully formed and legally distinct entities—into a single entity referred to as "Payward," and based their factual narrative and legal arguments on that consolidated characterization. During the district court proceedings, Appellees similarly presented relevant materials under the single-entity designation "Kraken," upon which the district court relied (Dkt. No. 15).

Because Appellees' answering brief fails to clearly distinguish between the two appellee entities, its factual assertions and legal arguments cannot be reliably attributed to either party and therefore do not constitute a stable and reviewable answering record suitable for adjudication by this Court. Accordingly, based on the foregoing procedural defects and pursuant to the authority conferred under FEDERAL RULE OF APPELLATE PROCEDURE 27, Appellant respectfully requests that the Court strike Appellees' answering brief (DE 20).

## II. LEGAL BASIS

In federal appellate proceedings, an appellee's answering brief is not

merely a statement of position; it constitutes one of the core materials upon which the court of appeals conducts **adjudicative review**. An appellee's answering brief must therefore satisfy the minimum standards of reviewability established by the **Federal Rules of Appellate Procedure ("FRAP")**.

Under **FRAP 28(b)**, which governs the required content and structure of an answering brief, the brief must be presented in a manner that enables the court of appeals to conduct meaningful adjudicative review. To fulfill this function, an answering brief must, at a minimum:

1. clearly identify the legal identity of each appellate party;

2. permit its factual assertions and legal arguments to be stably and verifiably attributed to specific parties;

3. enable the Court, in rendering its decision, to determine the proper liable entity and the corresponding legal consequences.

In addition, as reflected in **FRAP 32** and the long-established case-management principles of the courts of appeals, where a party's filing—by reason of formal or substantive defects—impedes the Court's ability to understand the case, conduct effective review, or render a decision, the Court has the authority to decline consideration of such a filing or to strike it from the record. This authority also derives from the federal courts' **inherent authority** to manage their dockets, including the power to preserve the clarity of the record and ensure the usability of the decisional basis.

Accordingly, where an answering brief contains a fundamental

indeterminacy in the identification of legal parties such that its factual assertions and legal arguments cannot constitute a stable record suitable for adjudicative review, the Court may properly decline to rely upon the brief in resolving the appeal or order it stricken from the record.

## III. ARGUMENT

### A. CONFLATION OF LEGAL ENTITIES IN APPELLEES' ANSWERING BRIEF (DE 20)

In this case, Appellees' answering brief filed on January 16, 2026 (DE 20) exhibits a conflation at the level of legal entity identification, manifested in the following respects.

First, throughout the answering brief, Appellees collapse Payward, Inc. and Payward Ventures, Inc.—two lawfully formed entities with separate and independent corporate personhood—into a single entity referred to as "Payward," and on that basis advance their entire factual narrative and legal argument. At no material point does the brief distinguish between the respective conduct, roles, or bases of liability of the two entities.

Second, compounding this issue, during the district court proceedings Appellees presented the same two corporate entities in their motions and related submissions under a single commercial designation, "Kraken," and the district court's ruling was likewise rendered on the basis of materials submitted under that single-entity designation (Dkt. No. 15). This mode of conflated entity

presentation has been carried forward into the present appellate answering brief.

Third, although the answering brief formally lists Payward, Inc. and Payward Ventures, Inc. as Appellees in its caption and headings, it nevertheless, in its substantive argument, merges the two legally distinct entities into a single "Payward" and assigns all conduct and responsibility to that unified label. As a result, the Court is unable to determine:

    1.  which specific factual allegations are asserted against which appellee entity;

    2 .  which appellee entity advances which legal defenses;

    3 .  how, and whether, any decision rendered by this Court could operate with definite legal effect as to either appellee.

The foregoing conflation of legal entities is not a matter of mere terminological simplification. Rather, it directly impairs the Court's ability to assess party identity, attribute responsibility, and determine the enforceability and scope of any resulting judgment.

## B. ENTITY CONFLATION PRECLUDES EFFECTIVE ADJUDICATIVE REVIEW

Because Appellees' answering brief fails to clearly distinguish the legal identities of Payward, Inc. and Payward Ventures, Inc., and fails to attribute factual assertions and legal arguments to either entity in a stable and discernible manner, the brief's factual narrative and legal positions cannot be reliably ascribed to any specific appellee. Under these circumstances:

>1. the Court is unable to determine which appellee advances the factual assertions set forth in the answering brief;
>
>2. the Court is likewise unable to determine whether the asserted defenses apply to both appellees or only to one of them; and
>
>3. as a result, the Court would be unable, without incurring a risk of indeterminacy, to render a decision producing definite legal consequences as to either appellee.

Accordingly, in its present form, the answering brief does not constitute a stable record suitable for adjudicative review by this Court. Such deficiencies are precisely the type of circumstances that FRAP 28(b) is intended to prevent, and they implicate the Court's authority under FRAP 32, as well as its inherent docket-management authority, to decline consideration of appellate filings that are not amenable to meaningful review or to strike them from the record.

In addition, the Ninth Circuit has consistently held that where a party's submission fails to present its arguments and identify the relevant legal entities in a clear, coherent, and attributable manner—such that its factual assertions and legal defenses cannot be stably mapped to specific parties and the court is thereby unable to conduct meaningful appellate review—the court is not required to consider such filings or arguments. *See Sekiya v.* ***Gates, 508 F.3d*** *1198, 1200 (9th Cir. 2007);* ***Greenwood v. FAA,*** *28 F.3d 971, 977 (9th Cir. 1994).*

It bears emphasis that, in this case, Appellees' conflation of legal entities is

not an isolated or incidental drafting issue, but rather a structural defect permeating the entirety of the answering brief. Under such circumstances, any attempt by the Court to parse, reconstruct, or selectively rely upon the brief in order to complete its review would necessarily place the Court in the position of reorganizing Appellees' factual assertions and legal defenses on their behalf. The Court is neither required nor obligated to assume such a role.

## C. STRIKING THE ANSWERING BRIEF AS A PROPORTIONATE AND REASONABLE PROCEDURAL REMEDY

Because Appellees' answering brief (DE 20) fails to distinguish, in a clear and attributable manner, the respective legal identities of Payward, Inc. and Payward Ventures, Inc., as well as the corresponding factual assertions and legal defenses attributable to each entity, the Court is unable to determine which appellee advances the asserted facts and defenses.

Under these circumstances, the Court is likewise unable to determine how any decision rendered in this appeal would operate with definite legal effect as to either Payward, Inc. or Payward Ventures, Inc. Accordingly, the answering brief is not suitable to serve as a decisional basis for appellate review in this case.

The Ninth Circuit has consistently held that an appellate court has no obligation to organize, reconstruct, or speculate as to a party's arguments where the party has failed to clearly distinguish the relevant legal entities. Where a party's submission—due to the conflation of legal entities—prevents its factual

assertions and legal defenses from being clearly and attributably mapped to specific parties, thereby impeding meaningful appellate review, the court may decline to consider such arguments. *See **Independent Towers of Washington v. Washington**, 350 F.3d 925, 929–30 (9th Cir. 2003); **Greenwood v. FAA**, 28 F.3d 971, 977 (9th Cir. 1994).*

Against this backdrop, Appellant's request to strike is narrowly directed to whether the answering brief may properly serve as a basis for appellate adjudication. The request seeks to prevent the Court from rendering a decision in the absence of a reviewable record and therefore constitutes a proportionate procedural remedy, closely tailored to and directly aligned with the requirements of procedural regularity.

## IV. CONCLUSION: REQUESTED RELIEF

For the foregoing reasons, Appellant respectfully requests that this Court strike Appellees' answering brief (DE 20).


Respectfully submitted.

**Dated:** February 6, 2026 　　　　　　　　　　　　/s/ Lianlian Porth

　　　　　　　　　　　　　　　　　　　　Appellant, Pro Se Lianlian Porth