**No. 25-5017**

IN THE

# United States Court of Appeals for the Ninth Circuit

Lianlian Porth,

*Plaintiff–Appellant,*

**v.**

Payward Inc. and Payward Ventures Inc.,

*Defendants–Appellees.*

On Appeal from the United States District Court for the Northern District of California
No. 3:25-cv-01885-VC
Hon. Vince Chhabria

## APPELLANT'S REPLY IN SUPPORT OF MOTION TO STRIKE APPELLEES' ANSWERING BRIEF (DE 27)

Lianlian Porth
Lhkc_25@outlook.com
408-381-9986
P.O BOX 267,San Lorenzo, CA 94580

**February 23 , 2026** **Pro Se -*Plaintiff-Appellant***

# TABLE OF CONTENTS

Page

**I**. CASE CLASSIFICATION LEVEL: SUMMARY OF APPELLANT'S AND APPELLEES' POSITIONS ........................................................................ 1

1.1 Scope of Authority of the Probate Court ................................................ 1

1.2 Appellant's Position Regarding the Factual Origin of This Case .............. ........................................................................................................ 2

1.3 Appellees' Position Regarding the Factual Origin of This Case............... ........................................................................................................ 3

**II.** PROCEDURAL POSTURE OF THIS MOTION:SUMMARY OF THE PARTIES' POSITIONS ........................................................................ 5

2.1 Appellant's Position ........................................................................ 5

2.2 Appellees' Position ........................................................................ 7

2.3 Core Procedural Issue: The Effect of Unclear Entity Attribution on This Court's Review Function ........................................................................ 7

**III.** CONCLUSION ........................................................................ 8

## Ⅰ. CASE CLASSIFICATION LEVEL: SUMMARY OF APPELLANT'S AND APPELLEES' POSITIONS

This motion is a procedural motion seeking to strike Appellees' answering brief.

Appellees have consistently invoked the "probate exception" in all submissions filed in this appeal and have characterized the independent tort claims at issue as probate matters. Accordingly, prior to addressing the specific issues on appeal, Appellant submits that it is necessary to clarify the scope of authority and judicial boundaries of the probate court to ensure that this case is reviewed within the proper legal framework.

### 1.1 Scope of Authority of the Probate Court

The authority of the probate court is limited to the administration and distribution of the estate itself. Its core functions include:

1. determining inheritance rights;
2. confirming the ownership of estate property;
3. ordering the personal representative to distribute the estate;
4. supervising the internal administration of the estate.

These powers are fundamentally in rem in nature, directed at the estate itself and the orderly administration thereof.

The probate court does not possess general tort jurisdiction over independent third-party corporate entities, nor is it responsible for:

1. adjudicating independent tort liability unrelated to estate

administration;

2. conducting liability analysis under ordinary tort principles;

3. calculating civil damages attributable to third parties;

4. excluding state or federal courts from exercising jurisdiction over general tort disputes.

In other words, the probate court's authority terminates upon confirming the allocation of rights and maintaining the orderly administration of the estate. Its jurisdiction does not extend to independent civil liability arising from a third party's refusal to perform after a final order has taken effect. The "probate exception" is intended to preserve the in rem jurisdictional boundaries of estate administration, not to provide immunity for a separate entity's post-adjudication noncompliance.

**1.2 Appellant's Position Regarding the Factual Origin of This Case**

This case does not seek a redistribution of the estate, nor does it concern estate administration.

On December 21, 2022, the probate court entered a final and effective order of distribution (Dkt. No. 7-20, at 3–5), confirming that Appellant is entitled to one hundred percent of all property interests held by her late husband on Appellees' platform.

However, following entry of that order, Appellees have, for more than three years, refused to fully and faithfully comply with the final distribution order. Appellant asserts that such post-adjudication conduct constitutes

independent tortious conduct by a third party and has caused Appellant substantial financial and emotional harm.

Appellees are citizens of Delaware and Wyoming and operate in California as out-of-state corporations, whereas Appellant is a citizen of California. Accordingly, on February 21, 2025, Appellant filed a civil action in the United States District Court for the Northern District of California, alleging multiple federal tort claims arising from Appellees' refusal to comply with the final and effective probate distribution order.

**1.3 Appellees' Position Regarding the Factual Origin of This Case**

Appellees contend that the Final Order of Distribution entered on December 21, 2022 falls within the scope of the "probate exception," and on that basis seek to exclude this case in its entirety from ordinary tort adjudication.

However, Appellees' position does not address a key fact: since December 21, 2022, for more than three years, Appellees have continuously refused to comply with the final and effective order of distribution, thereby accruing an estimated federal civil liability exceeding ten million dollars. The present dispute does not arise from the probate distribution proceeding itself, but from the tort consequences resulting from Appellees' refusal to perform following the final probate adjudication.

If this case were to proceed under Appellees' asserted "probate exception" theory, the resulting conclusion would produce a logically

inconsistent structure: solely because of Appellees' refusal to comply with a final and effective court order, the probate court would be required to reopen probate proceedings for the purpose of addressing the noncompliance of Payward, Inc. and Payward Ventures, Inc., and to redistribute rights that have already been conclusively adjudicated.Such reasoning effectively converts a third party's refusal to comply with a final judgment into a triggering condition for reentry into probate proceedings.

Furthermore, as independent third-party entities in this case, the practical effect of Appellees' position is to place the lawfully entitled property and related information— which they have refused to transfer to Appellant— back within the framework of probate proceedings under the asserted "probate exception," thereby avoiding the federal civil liability that has continued to accrue since December 21, 2022.

In sum, Appellees invoke the probate exception as a shield; its effect is to evade post-adjudication liability, and its result is to avoid civil damages exceeding ten million dollars. The probate court itself cannot, and lacks authority to, reopen probate proceedings solely because Appellees have refused to comply with a final order of distribution. To do so would amount to renewed interference with Appellant's already confirmed individual property rights.

In an effort to conserve judicial resources, Appellant extended multiple opportunities for settlement to Appellees during the pendency of this appeal,

none of which were accepted.Even assuming, arguendo, that Appellees' argument concerning the "probate exception" were accepted by this Court in this appeal, the dispute at issue would not thereby disappear. Appellant and Appellees are citizens of different states, and Appellees are out-of-state corporations. The alleged acts of conversion occurring after the effective date of the final distribution order, together with the resulting economic and emotional harm, give rise to an independent civil dispute.In light of the parties' diversity of citizenship and the damages sought, such dispute remains within the jurisdiction of the United States District Court for the Northern District of California.

Accordingly, Appellees' assertion of the "probate exception" in this case cannot be sustained as a matter of legal structure or jurisdictional boundary.

## II. PROCEDURAL POSTURE OF THIS MOTION: SUMMARY OF THE PARTIES' POSITIONS

This motion is a procedural request brought by Appellant pursuant to FRAP 27. It seeks to address the uncertainty affecting appellate review arising from Appellees' answering brief (DE 27) at the level of legal-entity identification.

### 2.1 Appellant's Position

Appellant contends that, in their answering brief, Appellees merged Payward, Inc. and Payward Ventures, Inc.—two lawfully formed entities with

independent corporate personhood—into a single "Payward" entity and proceeded on that basis in presenting their factual narrative and legal arguments.

This conflation of legal entities results in the following:

1 . it is not possible to determine which specific factual assertions correspond to which appellee;

2. it is not possible to identify which appellee advances which defenses;

3 . it is not possible to determine, if this Court were to render a decision, to which entity its legal effect would attach.

In addition, in the absence of clear entity attribution, the answering brief presents the following unresolved procedural questions:

1 . whether this Court may, without an explicit distinction between the two entities, independently infer the allocation of responsibility and legal position between them;

2 . whether this Court should treat the conflated presentation as a joint defense by both appellees;

3 . whether this Court would be required to parse, reconstruct, or selectively rely upon the answering brief in order to conduct review;

4 . whether the structure of the answering brief would inevitably require this Court to reorganize Appellees' factual assertions and legal defenses on their behalf;

5 . whether Appellees are willing to clarify the specific positions and bases of liability asserted by each entity.

Under these circumstances, Appellees' answering brief (DE 27) does not provide a stable and attributable record suitable for appellate review and therefore does not satisfy the reviewability requirement embodied in FRAP 28(b). In the interest of procedural regularity and clarity of adjudication, Appellant respectfully requests that this Court strike Appellees' answering brief as a procedural remedy.

**2.2 Appellees' Position**

Appellees contend that referring to the related entities collectively as "Payward" is a customary drafting practice and is consistent with FRAP 28(d) concerning the designation of parties.

They maintain that such collective reference does not constitute a procedural defect and does not impair this Court's ability to conduct substantive review of the case, and therefore request that the motion be denied.

**2.3 Core Procedural Issue: The Effect of Unclear Entity Attribution on This Court's Review Function**

Accordingly, the core procedural issue presented by this motion is whether, under the structure of the existing answering brief (DE 27), this Court can clearly identify the legal identity of each appellee and the specific defenses asserted by each, and on that basis render a decision with definite legal effect. In other words, the issue raised by this motion concerns the structure of review

and the clarity of the appellate record.

In this respect, Appellees have not explained how the specific factual assertions and legal defenses set forth in their answering brief are attributable to Payward, Inc. as distinct from Payward Ventures, Inc., nor have they addressed whether, in the absence of such distinction, this Court may or should independently infer the allocation of entity responsibility in order to complete its review.

## III. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court grant the motion（DE 26） and strike Appellees' answering brief (DE 27)

Respectfully submitted.

**Dated:** February 23, 2026 /s/ *Lianlian Porth*

Appellant, Pro Se Lianlian Porth